# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:06CR92

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| FRED EDWARD REDMON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Notice of Appeal and Motion to Revoke Detention Order, filed May 15, 2006.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 26, 2006, Defendant was charged by way of Bill of Indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm not registered to Defendant in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. On May 11, 2006, United States Magistrate Judge David Keesler presided over Defendant's initial detention hearing. At the hearing, the Government moved for detention based on the nature of the offense, claiming that Section 922(g)(1) is a "crime of violence" pursuant to Title 18, United States Code, Section 3142(f)(1)(A), and based on Defendant's "serious risk of flight" under Section 3142(f)(2)(A), as well as Defendant's violent criminal record and the circumstances of the offense. After argument by the parties, Magistrate Judge Keesler concluded that a Section 922(g)(1) offense is a "crime of violence," which allowed a detention hearing, and then on the merits found that no combination of conditions would reasonably assure the safety of the community and Defendant's appearance

1

in court. The Magistrate Judge based these findings on the fact that Defendant had previously failed to appear on five (5) occasions in other criminal matters, and Defendant had a long record including convictions for carrying a concealed weapon, assault on a female, possession of a weapon by a prisoner, and fleeing to allude arrest. Additionally, Judge Keesler noted that the instant case involves a sawed-off shotgun used in an accidental shooting of a child, and probation recommended detention. In the written detention Order, filed May 11, 2006, Judge Keesler indicated that Defendant's detention was warranted because there is a serious risk that Defendant will not appear and a serious risk that Defendant will endanger the safety of another person or the community. Defendant appeals these findings.

## II. DISCUSSION

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the hearing before Magistrate Judge Keesler, as well as the contents of the criminal file in this matter.

Under the Bail Reform Act of 1984, a detention hearing is authorized only under one of six statutory bases. 18 U.S.C. § 3142(f). "Note that a case is not necessarily eligible for a detention hearing merely because defendant is generally a risk to other persons or to the community. The case must fit one of the six eligibility categories." *United States v. Powers*, 318 F. Supp. 2d 339, 341 (W.D. Va. 2004). Specifically, one basis that gives rise to a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community is a case that involves a crime of violence. 18 U.S.C. § 3142(f)(1)(A).

In the instant case, Defendant appeals the detention order entered by Magistrate Judge

Keesler, arguing that the instant charge against Defendant, that is possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), is not a "crime of violence" under 18 U.S.C. § 3156(a)(4) and, therefore, Judge Keesler erred in conducting a detention hearing. Additionally, Defendant contends that there was no basis for finding that Defendant presented a "serious risk of flight" under Section 3142(f)(2).

**A.     "Crime of Violence"**

For purposes of Section 3142(f)(1)(A), the term "crime of violence" means:

(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
(C) any felony under chapter 109A, 110, or 117.

18 U.S.C. § 3156(a)(4). Subparts A and C do not apply to a Section 922(g)(1) offense. *United States v. Bowers*, 432 F.3d 518, 519 (3rd Cir. 2005). Therefore, a felon in possession of a firearm has committed a crime of violence if the nature of that offense is such that there is a "substantial risk" that a defendant will use "physical force against the person or property of another" in the course of his possession of the weapon. *Id.*

As noted by Defendant in this appeal, there is a split of authority on whether a Section 922(g)(1) offense is a "crime of violence" that authorizes a detention hearing. The Third, Ninth, Seventh, and D.C. Circuits have concluded that possession of a firearm by a felon is not a "crime of violence" within the meaning of the Bail Reform Act of 1984.[1] *See United States v. Bowers*,

---

[1] Additionally, the Eleventh Circuit has held that a Section 922(g)(1) offense is not a "crime of violence" within the meaning of the statute governing detention pending sentencing. *See United States v. Johnson*, 399 F.3d 1297 (11th Cir. 2005).

432 F.3d 518 (3rd Cir. 2005); *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003); *United States v. Lane*, 252 F.3d 905 (7th Cir. 2001); *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999). In contrast, the Second Circuit has held that a charge of felon in possession of a firearm is a crime of violence that authorizes a detention hearing. *See United States v. Dillard*, 214 F.3d 88 (2nd Cir. 2000). Moreover, although the Fourth Circuit has not addressed this issue, various district courts within the Fourth Circuit have determined that a Section 922(g)(1) offense is a crime of violence warranting a detention hearing. *See United States v. Powers*, 318 F. Supp. 2d 339 (W.D. Va. 2004); *United States v. Chappelle*, 51 F. Supp. 2d 703 (E.D. Va. 1999); *United States v. Spry*, 76 F. Supp. 2d 719 (S.D.W. Va. 1999); *United States v. Aiken*, 775 F. Supp. 855 (D. Md. 1991).

This Court agrees with the Second Circuit in *Dillard* and the reasoning of other district courts in this Circuit, including the *Powers, Chappelle, Spry* and *Aiken* decisions. Significantly, holding a detention hearing for persons charged with a Section 922(g)(1) offense does not mean that convicted felons will regularly be detained. *See Powers*, 318 F. Supp. 2d at 343. In fact, simple possession of a firearm for collecting, hunting, or other legitimate purposes will typically result in pretrial release. *Id.* "Holding a detention hearing merely permits the court to 'peek behind the categorical treatment of the offense to determine whether conditions of release exist that will ensure the safety of the community.'" *Id.* (quoting *Spry*, 76 F. Supp. 2d at 721-22).

Therefore, in the context of the charges brought in this case, the Court adopts the approach taken by the *Dillard, Powers, Aiken, Spry,* and *Chappelle* courts.[2] Especially in light of

---

[2] Notably, even courts that have concluded that being a felon in possession of a firearm does not constitute a "crime of violence" have noted that the possession of a sawed-off shotgun by a felon may well constitute a crime of violence. *See, e.g., United States v. Lane*, 252 F.3d 905, 907 (7th Cir. 2001) (stating that "[s]ome firearms, it is true -

4

the allegations brought by the Government against Defendant, a detention hearing was not only appropriate under § 3142(f)(1)(A), it is necessary in order for the Court to adequately assess the risk of flight and to assure the safety of other persons and the community. *See Powers*, 318 F. Supp. 2d at 344.

B.  **Serious Risk of Flight and Danger to the Safety of Another Person or Community**

In conducting a detention hearing and determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all of the evidence regarding:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

---

for example sawed-off shotguns - have no significant lawful use, and so their possession by felons may well constitute a crime of violence, as held in reference to the sentencing guidelines in *United States v. Brazeau*, 237 F.3d 842, 845 (7th Cir. 2001)"); *see also U.S.S.G.* 4b1.2 appl. note 1 (stating that "[c]rime of violence" does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a) [listing particularly lethal types of firearms, including a sawed-off shotgun]). Therefore, the Court finds in cases involving a Section 922(g)(1) offense where it is alleged that the defendant possessed a sawed-off shotgun, such as in the instant case, it is even more evident that the offense is a "crime of violence" for purposes of the Bail Reform Act of 1984.

5

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court accepts the Magistrate Judge's finding that bond is not appropriate in this case. First, bond is inappropriate based on the fact that Defendant has previously failed to appear on five (5) occasions in other criminal matters. Moreover, bond is inappropriate based on Defendant's criminal history, which includes convictions for carrying a concealed weapon, assault on a female, possession of a weapon by a prisoner, and fleeing to allude arrest. Additionally, the fact that the firearm with which Defendant is charged in the instant indictment is a sawed-off shotgun increases the nature and seriousness of danger to any person or the community that would be posed by Defendant's release.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond reasonably will assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Defendant's Notice of Appeal and Motion to Revoke Detention Order is hereby **DENIED**. Accordingly, the Order of Magistrate Judge Keesler denying release is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Defendant be **DETAINED** pending further order of this Court.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

Signed: May 30, 2006

Richard L. Voorhees
Chief United States District Judge